UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| MICHAEL ERNEST MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:24-CV-00005-REW-EBA |
| v. ) | |
| ) | |
| CRAIG HUGHES, *Warden, Southeast State* ) | ORDER |
| *Correctional Complex*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 11, 2024, Michael Ernest Moore, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. *See* DE 1 (Petition). Moore moves the Court to vacate his Kentucky convictions for two counts of murder, tampering with physical evidence, and falsely reporting an incident. *See id.* at 1. On June 3, 2024, United States Magistrate Judge Edward B. Atkins, on standing referral, reviewed the record (centrally, the petition and the Commonwealth's Answer) and recommended that Moore's petition be dismissed. *See* DE 20 (Report and Recommendation). Judge Atkins found, after review of Moore's petition and the state court record, that Moore's arguments, including but not limited to evidence introduced at trial, jury instructions, jury selection, and ineffective assistance of counsel at trial and on appeal, all must fail. Judge Atkins also recommended that the Court deny a Certificate of Appealability. *See* DE 20 at 28. The period for objections has expired, and neither side has objected. The record shows service of the recommendation to both parties. The matter is ripe for review.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Moore v. Arn*,

1

106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Atkins's careful analysis and determinations. Judge Atkins weighed the appropriate factors and deferential § 2254 standards to decide that the case should be dismissed for the reasons he properly stated. *See generally* DE 20. The Court, given the absence of objection, will not further review or displace his findings. Accordingly, the Court **ADOPTS** DE 20 and **DENIES** DE 1, Moore's § 2254 Petition. A Judgment to this effect follows.

The Court also denies a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). While some of Judge Atkins's ruling was procedural, much of his decision was based on the merits of Moore's claim. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)

is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack*, 120 S. Ct. at 1604. Neither the procedural findings nor the findings on the merits are subject to fair debate. The Court **DENIES** a certificate of appealability.

    This the 3rd day of July, 2024.

Signed By:
Robert E. Wier
United States District Judge